UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| John Varecka, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CSX Transportation, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## INTRODUCTION

1. CSX is one of the largest railroads in the United States. It operates a 365-days-a-year business, which means it always needs employees for work. At the same time, CSX has tried to increase its profits by reducing its workforce.

2. Its employees exercise of their rights under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq., prevents CSX from reducing its workforce to the extent that CSX would like. CSX has therefore engaged in a pattern and practice of unlawfully discouraging its employees from taking FMLA leave.

3. Much of CSX's illegal conduct is the subject of pending putative class action—*Bell v. CSX Transportation, Inc.*, No. 1:18-cv-00744 (D. Md.). This includes terminating employees for taking FMLA leave.

4. CSX is now interfering with its employees FMLA rights in another way, which is not covered by the *Bell* case. Pursuant to their unions' collective bargaining agreements with CSX, disciplined employees have a right to appeal their suspensions and/or terminations to an arbitrator. It takes years, however, before an employee's appeal can be heard. CSX is using

this delay to its advantage. To be eligible for leave under the FMLA, an employee must have worked at least 1,250 hours for the employer within the previous 12-month period. 29 U.S.C. § 2611(2)(A)(ii). For employees who prevail in arbitration and are reinstated, CSX takes the position that they are not entitled the protections of the FMLA because they have not worked enough qualifying hours in the preceding year. This policy violates the FMLA. As court that have considered the issue have recognized, an employer who is ordered by an arbitrator or a court to reinstate an employee must credit the employee with the hours the employee would have worked but for the wrongful termination. *See, e.g.*, *Ricco v. Potter*, 377 F.3d 599 (6th Cir. 2004).

5. Plaintiff brings this class action to restrain and enjoin CSX from engaging in a pattern and practice of denying FMLA leave to reinstated employees because of the time they were out of work due to their unlawful suspensions and/or terminations.

**PARTIES**

6. John Varecka, who has worked for CSX for over thirteen years, resides in this Division.

7. CSX is headquartered in Jacksonville, Florida and provides freight rail transportation services in several states, including in this Division.

**JURISDICTION AND VENUE**

8. This Court has original jurisdiction over Plaintiff's and the putative class's FMLA claims under 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391 because Varecka resides in this Division; CSX operates in this Division; and some of the illegal conduct occurred in this Division.

**FACTUAL ALLEGATIONS**

**CSX'S COMPANYWIDE PRACTICES**

10. CSX operates a 365-day-a-year business, meaning employees are needed on weekends and

holidays.

11. While employees know that employment with CSX means having to work on weekends and holidays, they did not anticipate having to work through illnesses, miss their children's births, or choose between working and caring for their sick loved ones.

12. Many employees have relied on FMLA leave.

13. Employees' lawful use of FMLA has prevented CSX from reducing its workforce in the way it would like.

14. CSX has therefore sought to curb its employees lawful use of FMLA.

15. Many of the ways in which CSX has sought to curb its employees lawful use of FMLA is the subject of the *Bell* case.

16. This includes CSX suspending and terminating employees for taking FMLA leave.

17. Under CSX's collective bargaining agreements with its employees' unions, disciplined employees have a right to appeal to an arbitrator.

18. It takes years, however, for an arbitrator to hear an appeal.

19. Many employees prevail in arbitration.

20. But CSX is taking advantage of this passage of time by denying the FMLA requests made by reinstated employees based on the claim that they have not worked 1,250 or more hours in the preceding twelve months.

21. In other words, CSX's policy is to count the time an unlawfully suspended or terminated employee is out of work against him or her for purposes of determining FMLA qualifying hours.

22. CSX's policy violates the FMLA. *See, e.g., Ricco*, 377 F.3d 599. An employer cannot profit off of a wrongful termination to evade the coverage of the FMLA.

## JOHN VARECKA

23. Varecka suffers from a serious health condition within the FMLA's meaning.

24. In 2018, CSX accused Plaintiff John Varecka of abusing his intermittent FMLA leave and terminated him.

25. Varecka's is a plaintiff in the *Bell* case and has challenged his termination through it.

26. Varecka also challenged his termination by appealing it to an arbitrator.

27. In 2021, the arbitrator found for Varecka, reinstating him with backpay.

28. After Varecka was reinstated, he applied for FMLA leave.

29. CSX denied Varecka's request, telling him that he had not worked enough qualifying hours during the preceding year.

30. Varecka's unlawful termination is the only reason he had not worked enough qualifying hours during the preceding year.

31. The FMLA prohibits employers from benefiting from an unlawful termination when determining qualifying hours.

32. CSX therefore violated Varecka's FMLA rights.

## CLASS ALLEGATIONS

33. Plaintiff brings FMLA claims against CSX pursuant to Federal Rule of Civil Procedure 23, seeking back pay, monetary relief, other compensatory relief, and injunctive and declaratory relief on behalf of themselves and the following class:

> Individuals employed by CSX who have been reinstated with backpay by an arbitrator and who, at any time from three years preceding the complaint's filing to the resolution of this action, were denied FMLA leave solely because of their overturned suspensions and/or terminations.

Plaintiff reserves the right to revise this class definitions based on discovery or other legal developments.

34. Class treatment is appropriate because the class is so numerous that joinder of all members is impracticable. The exact number within the class is unknown, but it may be determined from records maintained by CSX.

35. Class treatment is appropriate because there are questions of law or fact common to the class, including the following:

    a. whether CSX engaged in a pattern and practice of denying reinstated employees requests for FMLA leave because of their unlawful suspensions and/or terminations;

    b. whether CSX's companywide policy of denying reinstated employees requests for FMLA leave because of their overturned suspensions and/or termination violates the FMLA;

    c. whether monetary damages, injunctive relief, and other equitable remedies are warranted; and

    d. whether liquidated damages are warranted.

36. Class treatment is appropriate because CSX will raise common defenses to the claims.

37. Class treatment is appropriate because Plaintiff is typical of the class's claims, and Plaintiff will fairly and adequately protect the class's interests.

38. Class treatment is appropriate because Plaintiff has retained counsel who are competent, experienced in litigating class actions, and will effectively represent the interests of the class.

39. Class treatment is appropriate under Federal Rule of Civil Procedure 23(b)(1) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for CSX and/or would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

40. Class treatment is appropriate under Federal Rule of Civil Procedure 23(b)(2) because CSX has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

41. Class treatment is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, including those listed above, predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

42. Class treatment of is appropriate under Federal Rule of Civil Procedure 23(c)(4) because this is a case in which class adjudication of particular issues would serve the interests of the parties and the Court.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FMLA—INTERFERENCE

43. The FMLA entitles employees to up to twelve weeks of leave during any twelve-month period for certain reasons, including the employee's serious health condition. *See* 29 U.S.C. § 2612(a)(1).

44. The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the Act]." *See* 29 U.S.C. § 2615(a)(1).

45. CSX interfered with, restrained, and denied the exercise of the protected rights of Plaintiff and the putative class members when it, among other things, denied their requests for FMLA leave because of the time they were out of work due to their unlawful suspensions and/or terminations.

46. Because CSX violated the FMLA, Plaintiffs and the putative class members are entitled to compensatory damages for loss of income, including back pay, lost benefits, consequential

damages, and front pay, as well as liquidated damages, declaratory and injunctive relief, reinstatement, and other damages. Plaintiffs and the putative class members are also entitled to attorneys' fees, costs, and interest incurred in connection with these claims.

47. CSX committed the above-alleged acts with reckless or deliberate disregard for the rights and safety of Plaintiff and the putative class. As a result, Plaintiff and the putative class members are entitled to liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all class members, pray for relief as follows:

- A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

- B. Designation of Plaintiff as the representatives of the Class, and Plaintiffs' counsel as Class Counsel;

- D. An order requiring CSX to pay to Plaintiff and the putative class members an award for compensatory damages, damages for loss of income, back pay, lost benefits, consequential damages, front pay, liquidated damages, and other damages in an amount to be determined by the trier of fact;

- G. An order requiring CSX to pay to Plaintiffs and the putative class members an award for costs (including litigation and expert costs), disbursements, interest, and attorneys' fees;

- H. An order enjoining CSX from denying reinstated employees' requests for FMLA because of the time they were out of work due to their unlawful suspensions and/or terminations, and declaring such conduct to be in violation of the FMLA;

- K. Such other relief as the Court deems just and proper.

Dated: August 2, 2021　　　　　　　　Respectfully Submitted,


　　　　　　　　　　　　　　　　　　s/Jonathan E. Staehr
　　　　　　　　　　　　　　　　　　Jonathan E. Staehr, Esq.
　　　　　　　　　　　　　　　　　　Hemming & Staehr, P.C.
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　2805 Wehrle Drive, Ste. 13
　　　　　　　　　　　　　　　　　　Williamsville, New York 14221
　　　　　　　　　　　　　　　　　　Phone No. (716) 631.7250
　　　　　　　　　　　　　　　　　　Fax No. (716) 929.3333
　　　　　　　　　　　　　　　　　　jstaehr@roadrunner.com